51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marvell MANNS, Plaintiff-Appellant,
v.
COUNTY OF MACON, ILLINOIS, Defendant-Appellee.
 No. 94-3950.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 23, 1995.*
Decided March 29, 1995.
 
 1
 Before EASTERBROOK and KANNE, Circuit Judges, and WILL, District Judge**.
 
 ORDER
 
 2
 Some years ago a jury concluded that Jim Edgcomb, former Treasurer of Macon County, Illinois, discriminated on grounds of race and political affiliation against Marvell Manns, one of his employees. It awarded $37,500 in compensatory plus $100,000 in punitive damages against Edgcomb in both his personal and official capacities. Edgcomb did not appeal. On a prior appeal by Edgcomb's successor, this court concluded that Macon County itself had not been named in the judgment. Our opinion wrapped up: "Manns cannot collect from the County on the official-capacity aspect of the judgment. She will have to collect from Edgcomb or locate assets belonging to a 'Macon County Treasurer's Office.' "
 
 
 3
 Manns then demanded that Macon County pay the official-capacity award on a theory of indemnification. When the County declined, Manns filed this suit against the County under 42 U.S.C. Sec. 1983. The district court dismissed it, observing that we had already said that the County need not pay the official-capacity portion of the award. That is correct, as far as it goes, but the problem with this suit is deeper. The County did not violate any of Manns' rights; only Edgcomb did so. Manns believes that the County is obliged to indemnify Edgcomb under state law. That may be, but if Manns has a dispute with the County under the law of Illinois, she must pursue it in the state court. The parties are not of diverse citizenship, and Manns did not invoke ancillary remedies such as Fed.R.Civ.P. 69 that might be available under the court's supplementary jurisdiction. Instead she filed an independent suit.
 
 
 4
 Manns' theory of federal jurisdiction is that the County deprived her of due process of law by not following (her view of) the state indemnification statute. Courts have held, too many times to count, that a state's failure to abide by its own law does not violate the Constitution of the United States. See Nordlinger v. Hahn, 112 S.Ct. 2326, 2335 n. 8 (1992); DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 202 (1989); Snowden v. Hughes, 321 U.S. 1, 11 (1944); Evans v. Chicago, 10 F.3d 474, 481 (7th Cir.1993) (en banc); Archie v. Racine, 847 F.2d 1211, 1215-18 (7th Cir.1988) (en banc). The theory on which this suit rests is specious. Accordingly there is no federal jurisdiction. Manns may pursue in state court whatever indemnification rights have not been extinguished by passage of time. The only federal issue is whether Sec. 1983 requires the County to pay. The answer to that question--"no"--was given by the district court in 1992, and Manns did not appeal. This follow-on suit has no business in federal court. Cf. Kokkonen v. Guardian Life Insurance Co., 114 S.Ct. 1673 (1994).
 
 
 5
 The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of subject-matter jurisdiction.
 
 
 
 *
 An earlier appeal was argued on February 17, 1993, and the current appeal has been submitted to the original panel under Operating Procedure 6(b). The panel has concluded that a second oral argument is unnecessary
 
 
 **
 Of the Northern District of Illinois, sitting by designation